[Cite as *Binsara, L.L.C.. v. Bolog*, 2019-Ohio-4040.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BINSARA, LLC | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019CA00013 |
| | : | |
| FRANK A. BOLOG, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of Common Pleas, Case No. 2017CV01748

JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:    September 30, 2019

APPEARANCES:

For Plaintiff-Appellee:                 For Defendants-Appellants:

LAURA L. MILLS                    JEFFREY JAKMIDES
PIERCE C. WALKER               325 East Main Street
101 Central Plaza South            Alliance, OH 44601
Suite 1200
Canton, OH 44702

*Delaney, J.*

{¶1}   Defendants-Appellants Frank A. Bolog, Frank B. Bolog, Brad B. Bolog, Ben Bolog, and Davis Motor Coach, Ltd. appeal the December 28, 2018 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### *Ramjay, Inc. v. US Coach, Ltd.,* Case Nos. 2013CV01325 and 2014CV01244

{¶2}   On May 15, 2013, Ramjay, Inc. filed a complaint against US Coach, Ltd. in the Stark County Court of Common Pleas, Case No. 2013CV01325. The complaint alleged a breach of contract for the repair of a passenger bus delivered to US Coach, Ltd. on June 25, 2012. On September 11, 2013, the parties reached a partial settlement through mediation. Ramjay was to deposit $69,744 with the trial court to be held in escrow. US Coach was to return the bus to Ramjay, pending an inspection by an independent inspector. On May 1, 2014, the parties filed a joint stipulation of dismissal without prejudice.

{¶3}   On May 23, 2014, Ramjay filed a complaint for breach of contract as to the passenger bus against US Coach in the Stark County Court of Common Pleas, Case No. 2014CV01244. Upon US Coach's motion to dismiss, the trial court dismissed the complaint on October 15, 2014, without prejudice.

### *Binsara, LLC v. US Coach, Ltd.*, Case No. 2014CV02878

{¶4}   On December 16, 2014, Plaintiff-Appellee Binsara, LLC filed a complaint in the Stark County Court of Common Pleas, Case No. 2014CV02878 against US Coach, Ltd. alleging claims of breach of contract, unjust enrichment, and fraud. The president of Binsara is the owner of Ramjay, Inc. Binsara stated in its complaint that on June 25, 2012,

it delivered a passenger bus to US Coach for repairs. US Coach estimated it would cost $63,431.64 for it to repair the vehicle and the repairs would be completed by July 31, 2012. In January 2013, Binsara inspected the bus and determined US Coach had not made the appropriate repairs, rendering the bus inoperable. Binsara claimed US Coach's failure to timely and appropriately repair the bus caused it to incur expenses for alternate transportation and lost profits.

{¶5} US Coach filed an answer, counterclaim, and third-party complaint. In its third-party complaint, US Coach named Fleet Priority Services, LLC, CNA Insurance, and Advantage Funding as third-party defendants.

{¶6} On December 15, 2016, the trial court issued a judgment entry stating the case was settled by agreement of the parties. The trial court dismissed the case but retained jurisdiction to enforce the settlement agreement. The Settlement Agreement, which was never filed with the trial court, stated in pertinent part:

1. Settlement Terms

**A. Discharge of Lien**. The Parties agree that Coach shall discharge the lien on the Bus owned by Binsara's financer, Advantage Funding ("Advantage"). The value of said lien is $70,000.00. Coach shall either 1.) deliver to Binsara the sum of $70,000.00 to discharge said lien, or 2.) obtain financing from Advantage sufficient to satisfy and discharge Binsara's liability on the Bus. The Parties further agree that upon discharge of the lien or Coach obtaining financing, Binsara shall transfer title to the Bus to Coach free and clear of all liens. For the purpose of such transfer, Binsara agrees

that it will cooperate in good faith and take any and all steps necessary to effectuate the Bus's transfer to Coach.

**B**. **Settlement payment**. The parties agree that Coach shall deliver to Binsara the sum of Forty Thousand and No/100 Dollars ($40,000.00) (the "Payment") as additional consideration for this Agreement and the covenants herein contained.

**C. Contingencies**. The Parties agree and Binsara acknowledges that Coach's ability to satisfy its obligations detailed in Paragraphs 1(A) and 1(B) is dependent on Coach obtaining financing for the same. Notwithstanding anything to the contrary herein, this Agreement shall be strictly contingent on Coach obtaining financing to satisfy Paragraphs 1(A) and 1(B) hereof. Coach shall have ___ days from the execution of this Agreement to obtain said financing. In the event Coach is unable to secure said financing, this Agreement shall be void.

{¶7} On May 24, 2017, the parties filed a Stipulated and Agreed Final Judgment Entry. The entry stated Binsara was awarded judgment against US Coach in the amount of $110,000. The parties agreed Binsara would not execute on the judgment until the expiration of 21 days following the filing of the judgment entry. The basis for the 21 day grace period was to allow US Coach to obtain financing.

{¶8} US Coach failed to pay the judgment and its representatives did not appear at the debtor's examination.

### *Binsara, LLC v. Frank K. Bolog, et al.*, Case No. 2017CV01748

{¶9} On August 28, 2017, Binsara filed a complaint against Defendants-Appellants Frank K. Bolog, Frank A. Bolog, Frank B. Bolog, Brad A. Bolog, Ben Bolog, and Davis Motor Coach, Ltd.[1] In the complaint, Binsara brought three claims: constructive fraud, piercing the corporate veil, and punitive damages. The complaint alleged that at the time the parties entered into the Stipulated and Agreed Final Judgment Entry on May 24, 2017, US Coach was defunct and/or not operating any business. The Bologs filed their amended answer on November 9, 2017.

{¶10} Binsara filed a partial motion for summary judgment on January 26, 2018. It argued it was entitled to judgment as a matter of law on its claims for constructive fraud and piercing the corporate veil. In its motion, Binsara stated it had submitted written discovery to the Bologs on December 8, 2017, with responses due on January 15, 2018. As of the date of the motion for partial summary judgment, the Bologs had not responded to its Requests for Admissions; therefore, those Admissions should be deemed admitted as a matter of law.

{¶11} On January 30, 2018, the Bologs filed a motion for summary judgment and request for sanctions. In their motion, they argued Binsara's claims for constructive fraud and piercing the corporate veil were barred by the doctrine of res judicata, specifically issue preclusion. The Bologs stated the issue between the parties as to damages for repair of the passenger bus had been litigated multiple times, resulting in a final judgment on May 24, 2017. Based on the final judgment, Binsara was precluded from raising new claims.

---

[1] Frank K. Bolog was dismissed as a party defendant on October 31, 2017.

{¶12} On March 2, 2018, the trial court issued a judgment entry denying both parties' motions for summary judgment.

{¶13} On May 21, 2018, the trial court granted Binsara's motion to amend its complaint to add the claim of successor liability against Davis Motor Coach, Ltd. The Bologs filed a motion to dismiss the successor liability claim.

{¶14} On June 4, 2018, the Bologs filed Motion for Leave and Second Motion for Summary Judgment. The trial court granted the Bologs' motion for leave to file a second motion for summary judgment. In their second motion for summary judgment, the Bologs argued that pursuant to *Berry v. Javitch*, *Block & Rathbone, L.L.P.*, 127 Ohio St.3d 480, 2010-Ohio-5772, 940 N.E.2d 1265, Binsara's claim for constructive fraud was barred. In *Berry*, the Ohio Supreme Court held that when parties to a claim have executed a settlement agreement and consent judgment entry, a party cannot subsequently institute a separate cause of action for fraud in the inducement of the settlement agreement without seeking relief from the consent judgment and rescinding the settlement agreement. The Bologs stated Binsara never sought relief from the May 24, 2017 Stipulated and Agreed Final Judgment Entry before filing its claim for constructive fraud against the Bologs.

{¶15} On August 7, 2018, the trial court issued its judgment entry on the Bologs' motion to dismiss and second motion for summary judgment. The trial court denied the Bologs' motion to dismiss Binsara's successor liability claim. The trial court, however, granted the Bologs' motion for summary judgment as to Binsara's claim for constructive fraud. The trial court found pursuant to *Berry, supra*, Binsara could not seek both to enforce the settlement agreement and pursue a fraud claim because the remedies were

inconsistent: "one which seeks to enforce the terms of the settlement by recovering the agreed-upon amount, and the other which seeks to gain more compensation than what was agreed-upon on the theory that they entered into a settlement due to a fraudulent misrepresentation." (Judgment Entry, August 7, 2018).

{¶16} The matter proceeded to a bench trial on September 5, 2018. The only claims before the trial court were Binsara's claims for piercing the corporate veil, successor liability against Davis Motor Coach, Ltd., and punitive damages. On December 28, 2018, the trial court issued its Findings of Fact and Conclusions of Law. The trial court made the following relevant findings of fact:

{¶17} US Coach was formed on December 1, 2008, by Frank A. Bolog and Ben Bolog was later added as an agent for US Coach; the current officers and directors of US Coach are Frank A. Bolog and Ben Bolog. The address for US Coach was listed at 170 Prospect Street in Alliance, Ohio. US Coach kept no meeting minutes, corporate appointments, or board records. Ben Bolog testified "US Coach" was a trade name for multiple companies, including A & M Transit Lines and Davis Motor Coach. On October 27, 2010, US Coach filed for bankruptcy and was discharged from bankruptcy on January 20, 2010. The last financial transaction for US Coach was a transfer of $52.00 to Davis Bus Tours, Ltd. US Coach entered into a contract with Binsara on June 14, 2012 to repair a passenger bus. After US Coach and Binsara entered into the Settlement Agreement regarding the repair of the passenger bus, US Coach was unable to secure financing to pay the funds required by the Stipulated and Agreed Final Judgment Entry.

{¶18} The bankruptcy proceedings showed that US Coach was wholly owned by Fidelity US Coach. Ben Bolog was listed as the agent for Fidelity US Coach. Fidelity US

Coach filed for bankruptcy on the same day as US Coach, but the bankruptcy records showed that Fidelity US Coach was wholly owned by A & M Transit Lines.

{¶19} A & M Transit Lines was formed on January 26, 1968 by Frank A. Bolog. Its business address was also listed at 170 Prospect Street in Alliance, Ohio. The officers and directors of A & M Transit Lines are Frank K. Bolog, Frank A. Bolog, and Ben Bolog.

{¶20} Davis Motor Coach was incorporated on November 7, 2011, by Ben Bolog. There are no corporate records, meeting minutes, or board appointments for Davis Motor Coach. The original business address for Davis Motor Coach was 170 Prospect Street in Alliance, Ohio. Davis Motor Coach maintains three bank accounts, for which the address is listed as 170 Prospect Street in Alliance, Ohio. US Coach Sales & Leasing, Ltd. was formed on December 22, 2008, by Frank A. Bolog. US Coach Tours, Ltd. was formed on January 5, 2011, by Brad A. Bolog. Both corporations' addresses were 170 Prospect Street in Alliance, Ohio. Bank records showed transfers of money between all the business entities incorporated by the Bologs.

{¶21} Based on the findings of fact, the trial court made the following conclusions of law:

{¶22} The trial court considered the three-pronged test to determine whether to pierce the corporate veil so that the Bologs as individual shareholders should be liable for wrongs allegedly committed against Binsara: (1) control over the corporation by those held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to

the plaintiff from such control and wrong. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1963); *Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538.

{¶23} The trial court found the corporate form of US Coach was used to commit a fraud on Binsara. Specifically, US Coach fraudulently entered into a contract with Binsara for repairs to its bus when in fact, US Coach was not a valid legal entity at the time of the contract and had filed bankruptcy in 2010. In doing so, the Bologs used a sham entity to insulate themselves or their other non-defunct entities for liability. Based on the fraudulent act by the Bologs and US Coach, Binsara suffered injury and unjust loss when US Coach was unable to satisfy its obligations.

{¶24} While the trial court acknowledged that piercing the corporate veil is a remedy, not an independent cause of action, the trial court concluded that US Coach's liability was previously determined in Case No. 2014CV02878 pursuant to the Stipulated and Agreed Final Judgment Entry. Further, the trial court found sufficient evidence to demonstrate the Bologs used their control over US Coach to perpetrate a fraud on Binsara.

{¶25} The trial court next found that Binsara's claims were not barred by res judicata. The previous litigation between Binsara and US Coach did not consider the personal liability or corporate status of US Coach.

{¶26} The trial court finally found that Binsara did not establish successor liability as to Davis Motor Coach.

{¶27} The trial court, finding that the corporate veil should be pierced, ordered that Frank A. Bolog and Ben Bolog should be held individually liable for the $110,000 judgment

entered against US Coach, Ltd. in *Binsara, LLC v. US Coach, Ltd.*, Case No. 2014CV02878. It did not award punitive damages.

{¶28} It is from this judgment the Bologs now appeal.

**ASSIGNMENTS OF ERROR**

{¶29} The Bologs raise two Assignments of Error:

{¶30} "I. AS THE TRIAL COURT HELD, THE CORPORATE VEIL CAN BE PIERCED AND INDIVIDUAL LIABILITY EXISTS WHEN A CORPORATION IS USED FOR CRIMINAL OR FRAUDULENT PURPOSES TO THE DETRIMENT OF A THIRD PARTY. THE TRIAL COURT DISMISSED THE FRAUD CLAIM AGAINST THE APPELLANTS, AND THUS ITS RULING PIERCED THE CORPORATE VEIL WAS CONTRADICTORY AND CONTRARY TO OHIO LAW.

{¶31} "II. THE TRIAL COURT FOUND THAT US COACH, LTD. WAS UNABLE TO SECURE FINANCING TO PAY THE FUNDS REQUIRED BY THE STIPULATED AND AGREED FINAL JUDGMENT ENTRY. PURSUANT TO THE EXPLICIT WORDING OF SAID JUDGMENT ENTRY, THIS FAILURE TO SECURE FINANCING RENDERED THE AGREEMENT VOID. DESPITE THIS FACT, THE TRIAL COURT RULED THAT THIS CLEARLY VOIDED THE AGREEMENT WAS ENFORCEABLE AGAINST THE APPELLANTS."

**ANALYSIS**

**Standard of Review**

{¶32} The trial court conducted a bench trial in this case. In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight

of the evidence in a civil case. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E. 2d 541 (1997), is also applicable in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517. A reviewing court is to examine the entire record and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.*; *see also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist. Stark No. 2011 CA 00262, 2012–Ohio–3549. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517.

{¶33} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. *Markel v. Wright*, 5th Dist. Coshocton No. 2013CA0004, 2013–Ohio–5274. Further, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusion of law." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.* Accordingly, a trial court may believe all, part, or none of the testimony of any witness who appears before it. *Rogers v. Hill*, 124 Ohio App.3d 468, 706 N.E.2d 438 (4th Dist. 1998).

{¶34} As to questions of law, an appellate court applies a de novo review to the trial court's legal findings. *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶23; *Office of Consumers' Counsel v. Pub. Util. Comm.*, 58 Ohio St.2d 108, 110, 388 N.E.2d 1370 (1979) ("[a]s to questions of law, [a reviewing] court has complete, independent power of review[;] [l]egal issues are accordingly subject to more intensive examination than are factual questions").

{¶35} Pursuant to this standard of review, we consider the Bologs' first and second Assignments of Errors.

### Piercing the Corporate Veil

{¶36} The Bologs contend in their first Assignment of Error that the trial court erred when it considered Binsara's claim for piercing the corporate veil after it found Binsara's claim for constructive fraud failed as a matter of law. The Bologs argue that without a claim of fraud, Binsara could not fulfill the second prong under the *Belvedere* test for piercing the corporate veil. We disagree.

{¶37} It is a well-settled principle in Ohio law that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation. *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16 citing Section 3, Article XIII, Ohio Constitution; *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1963). Shareholders, however, do not hold an absolute immunity from liability for the actions of their corporations. *Id.* at ¶ 17. The legal fiction of the corporate form cannot stand if used for a purpose or intent not within its reason and policy. *Id.* citing *State ex rel. Atty. Gen. v. Std. Oil Co.*, 49 Ohio St. 137, 30 N.E. 279, paragraph one of the syllabus. When a

shareholder misuses the corporate form as a shield from liability for their own misdeeds, Ohio law will permit the piercing of the corporate veil as a rare exception to the guiding principles of limited shareholder liability. *Id.* at ¶ 17, 26 citing *Belvedere*, 67 Ohio St.3d at 287; *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475, 123 S.Ct. 1655, 155 L.E.2d 643 (2003). Piercing the corporate veil is a judicial act that imposes personal liability on otherwise immune corporate officers, directors, or shareholders for the corporation's wrongful acts. *Denny v. Breawick, LLC*, 2019-Ohio-2066, -- N.E.3d –, ¶ 15 (3rd Dist.) citing *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464, 2009-Ohio-1247, 905 N.E.2d 613, ¶ 8.

{¶38} To decide whether to pierce the corporate veil, the courts must apply a three-pronged test established in *Belvedere, supra* and clarified in *Dombroski, supra.* The focus of the test is the extent to which the shareholder controlled the corporation and whether the shareholder misused his or her control to commit specific egregious acts that injured the plaintiff: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere, supra*, at paragraph three of the syllabus; *Dombroski, supra*, at ¶ 29.

{¶39} All three prongs of the test must be met for the court to pierce the corporate veil. *Denny v. Breawick, LLC,* 2019-Ohio-2066, -- N.E.3d --, ¶ 19 (3rd Dist.). Because piercing the corporate veil is primarily a matter for the trier of fact, an appellate court will not reverse a decision to pierce the corporate veil if some competent, credible evidence

supports the determination. *Id.* at ¶ 20 citing *Snapp v. Castlebrook Builders, Inc.*, 2014-Ohio-163, 7 N.E.3d 574, ¶ 85 (3rd Dist.) quoting *State ex rel. DeWine v. S & R Recycling, Inc.*, 195 Ohio App.3d 744, 2011-Ohio-3371, 961 N.E.2d 1153, ¶ 29 (7th Dist.). *Bates v. Rose*, 6th Dist. Wood No. WD-16-068, 2017-Ohio-7977, 2017 WL 4334178, ¶ 26; *Longo Constr., Inc. v. ASAP Tech. Serv., Inc.*, 140 Ohio App.3d 665, 748 N.E.2d 1164 (8th Dist. 2000); *Clinical Components, Inc. v. Leffler Industries, Inc.*, 9th Dist. No. 95CA0085, 1997 WL 28246, *3 (Jan. 22, 1997).

{¶40} The Bologs contend in their appeal that the trial court erred as to the second prong of the *Belvedere* test; they raise no argument challenging the trial court's findings as to the first or third prongs. As such, our analysis will be limited to whether the plaintiff demonstrated that the Bologs as corporate officers, directors, or shareholders exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. *Dombroski, supra* at ¶ 29.

{¶41} In *Belvedere*, the second prong originally stated that corporate control was exercised in such a manner as to "commit fraud or an illegal act." *Belvedere, supra* at paragraph three of the syllabus. After *Belvedere*, the Ohio appellate districts were split on the interpretation of "fraud or illegal act." *Dombroski, supra* at ¶ 20-21. Some courts liberally construed the language of the second prong because piercing the corporate veil is an equitable remedy. *Id.* at ¶ 21. The courts allowed additional forms of misconduct to qualify as "fraud or illegal act" where it would be unjust to allow the shareholders to hide behind the fiction of the corporate entity. *Id.* at ¶ 21-22. Other courts strictly interpreted the second prong to find that a plaintiff must allege the corporate officer, director, or

shareholder must use their control over a corporation to commit a fraudulent or illegal act in order to pierce the corporate veil. *Id.* at ¶ 23-24.

{¶42} In *Dombroski*, the Court acknowledged there were "compelling reasons" for expanding the fraud or illegal act test in *Belvedere* because individuals are normally liable for their actions. *Id.* at ¶ 25. The Court struck a balance between the principle of limited shareholder liability and that shareholders occasionally use the corporate form as a shield from liability for their own misdeeds. *Id.* at ¶ 26. The Court therefore clarified the *Belvedere* test to include "fraud, an illegal act, or a similarly unlawful act" in order to address shareholders that abuse the corporate form to commit acts that are as objectionable as fraud or illegality. *Id.* at ¶ 28.

{¶43} In the present case, the trial court found the second prong of the *Belvedere* test was met because the Bologs engaged in fraud when they, as the corporate officers of US Coach, entered into the contract with Binsara for the repair of the passenger bus when in fact US Coach was not a legal entity at the time of the contract. By doing so, the Bologs used a sham entity to insulate themselves from liability.

{¶44} Upon review of the record, we find there is competent, credible evidence to support the trial court's findings that the Bologs engaged in a fraudulent, illegal act, or similarly unlawful act when they entered into the contract to repair the passenger bus through the defunct US Coach. The facts of this case demonstrate the rare exception where the principle of limited shareholder liability must be balanced against corporate officers who use the corporate form as a shield to protect against their misdeeds.

{¶45} The Bologs argue there must be a pending claim of fraud in order for the trial court to pierce the corporate veil. As the trial court dismissed Binsara's claim for

constructive fraud, the Bologs argue the trial court could not determine the facts established the Bologs engaged in fraud. The Bologs do not cite to any case law to support their argument on this issue. Nor do the Bologs challenge the trial court's findings of fact as to the bankruptcy status of US Coach at the time it entered into the contract with Binsara for the repair of the passenger bus.

{¶46} The trial court acknowledged the Bologs' argument that without a pending cause of action for constructive fraud, the trial court could not reach the issue of piercing the corporate veil as it is an equitable remedy. The trial court concluded that the underlying liability of US Coach was already litigated and determined in *Binsara, LLC v. US Coach, Ltd.*, Stark County No. 2014CV02878 pursuant to a Stipulated and Agreed Judgment Entry. The Settlement Agreement between US Coach and Binsara was not filed with the Stipulated and Agreed Judgment Entry. Further, there was no dispute of fact that US Coach did not meet its obligations under the Settlement Agreement. In this case, there was competent, credible evidence to support the trial court's finding there was a valid and enforceable judgment against US Coach, the genesis of which arose from the fraud by the Bologs, as established by Binsara and factually unchallenged by the Bologs on appeal.

{¶47} We find the judgment of the trial court that Binsara established the three elements of *Belvedere* test to pierce the corporate veil is supported by the competent, credible evidence and law.

{¶48} The Bologs' first Assignment of Error is overruled.

**Enforceability of the Underlying Settlement Agreement**

{¶49} In their second Assignment of Error, the Bologs argue that pursuant to the terms of the Settlement Agreement, US Coach did not meet its obligations to secure financing and the Settlement Agreement is therefore void, precluding Binsara from enforcing the terms of the Settlement Agreement.

{¶50} Upon review of the Bologs' second Assignment of Error, we cannot find a reference to the record where the Bologs raised this argument that the Settlement Agreement was void and the trial court ruled against the Bologs on the issue. The trial court's December 28, 2018 judgment states only that "[t]he Settlement Agreement did not contain the number of days US Coach, Ltd. had to obtain the financing required."

{¶51} This Court has previously stated in *Hadley v. Figley*, 2015-Ohio-4600, 46 N.E.3d 1129, ¶ 22 quoting *Snyder v. Snyder*, 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795, ¶ 19–20:

> "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000–T–0154 and Nos. 2001-T-2003, 2002-Ohio-2440, [2002 WL 1012575] , at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their argument in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.
>
> Failure to raise this issues before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. *See Hypabyssal,*

*Ltd. v. City of Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000

[2000 WL 1729471], citing *State ex rel. Zollner v. Indus. Comm.* (1993), 66

Ohio St.3d 276, 278, 611 N.E.2d 830.

{¶52} Assuming this matter was raised before the trial court, we find there was competent, credible evidence to support the trial court's determination that the Bologs were liable for the May 24, 2017 judgment. On an unknown date, Binsara and US Coach entered into a Settlement Agreement where US Coach agreed to pay Binsara $110,000 and it was acknowledged that US Coach needed to obtain financing to satisfy the payment agreement. The time period for which US Coach was to obtain financing was left blank on the Settlement Agreement. On May 24, 2017, Binsara and US Coach filed a Stipulated and Agreed Final Judgment Entry where Binsara was awarded judgment against US Coach in the amount of $110,000.00. The parties further agreed Binsara would not execute on the judgment for 21 days so that US Coach could obtain financing, pursuant to the trial testimony of Matthew Mohr, the attorney involved in the litigation between Binsara and US Coach.

{¶53} The Bologs argue that pursuant to the terms of the Settlement Agreement, it is void if US Coach did not obtain financing. The evidence in this case shows, however, that the parties agreed that Binsara was permitted to execute on the judgment after 21 days as of the date of the judgment entry. The 21 day period was to allow US Coach to obtain financing. After the 21 day period expired, Binsara was permitted to execute upon the judgment per the terms of the Stipulated and Agreed Judgment Entry.

{¶54} We find the Bologs' argument as to the enforceability of the Settlement Agreement is not supported by the evidence. We therefore overrule their second Assignment of Error.

## CONCLUSION

{¶55} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.