[Cite as *Goble v. Grosswiler*, 2019-Ohio-4443.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LARRY GOBLE                              :        JUDGES:
                                         :
                                         :        Hon. John W. Wise, P.J.
        Plaintiff-Appellee               :        Hon. Patricia A. Delaney, J.
                                         :        Hon. Earle E. Wise, Jr., J.
-vs-                                     :
                                         :        Case No. 2018 CA 0102
                                         :
WILLIAM GROSSWILER, ET AL.               :
                                         :
                                         :
        Defendant-Appellant              :        O P I N I O N


CHARACTER OF PROCEEDING:               Appeal from the Shelby Municipal Court,
                                       Case No. CVG1800140



JUDGMENT:                              AFFIRMED



DATE OF JUDGMENT ENTRY:                October 29, 2019



APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

W. BLAIR LEWIS                                   JOHN S. DILTS
33 N. High St.                                   28 South Park Street
Suite 702                                        Mansfield, OH 44902
Columbus, OH 43215

*Delaney, J.*

{¶1}   Defendant-Appellant William Grosswiler appeals the September 12, 2018 judgment entry of the Shelby Municipal Court.

### FACTS AND PROCEDURAL HISTORY

### The Agreement

{¶2}   On or about June 1, 2015, Plaintiff-Appellee Larry Goble and Defendant-Appellant William Grosswiler entered into an agreement entitled, "Contract for Sale of Personal Property" ("Agreement"). The Agreement was handwritten by Goble and neither party had an attorney review the terms of the Agreement before signing.

{¶3}   The Agreement stated in pertinent part:

Terms

1. The Seller agrees to sell to the Buyer, and the Buyers [sic] agrees to buy the following personal property, 422 State Route 61, Plymouth, Ohio 44865. Two buildings – block building and metal building (drive thru) 5.5. acres and pavilion.

2. The Buyer agrees to pay the Seller $140,000.00 for the property, the Buyer agrees to pay this purchase price in the following manner: $25,000 down payment to be deferred for 7 months from close of escrow. Seller to accept personal note from Buyer for this amount. Monthly payments of $1,000 for 24 payments and 12 mt's after 24 month's with agreement of both parties. Balloon payment of $91,000.00 due after 24 month's, balloon payment of $79,000.00 due after 36 months;

3. The Seller represents that he has legal title to the property and full authority to sell the property. Seller also represents that the property is sold free and clear of all liens, indeptedness [sic], or liabilities, Seller agrees to provide Buyer with a bill of sale for the property.

* * *

Conditions

* * *

6. That the violation of any of the covenants of this Agreement or the non-payment of any money due and un-paid shall be sufficient cause for eviction from said premises upon three days written notice. If suit be brought to collect money or damages or to cause eviction from said premises, or to collect the costs of repairs to or cleaning of said premises, resident agrees to pay all costs of such action, including attorney fees as may be fixed by the courts.

## The Complaint for Eviction

{¶4} On April 9, 2018, Goble posted a Notice to Leave the Premises at the property requesting Grosswiler vacate by April 12, 2018. In the Notice, Goble stated that Grosswiler failed to make payments required by the terms of the Agreement.

{¶5} On May 29, 2018, Goble filed a Complaint for Eviction against Grosswiler in the Shelby Municipal Court. In his complaint, Goble alleged that Grosswiler breached the Agreement by his failure to pay all amounts due and owing under the Agreement. As of the date of the complaint, Goble stated Grosswiler had only paid $23,000 and was not paying the monthly payments of $1,000.00. Goble demanded possession of the property,

damages in the amount of $11,000 based on a claim of unjust enrichment, and any additional damages as determined by the trial court.

{¶6} A hearing was held before the magistrate on July 11, 2018. Goble appeared with counsel and Grosswiler appeared pro se. At issue at the hearing was whether Goble's complaint for damages went beyond the municipal court's jurisdictional limits.

{¶7} On July 19, 2018, Goble filed a First Amended Complaint for Eviction. Goble removed his request for the award of damages and pursued only a claim for Forcible Entry and Detainer for restitution of the property.

{¶8} The matter came on for bench trial on September 7, 2018. Goble was represented by counsel and Grosswiler appeared pro se. Grosswiler submitted the trial transcript with his appeal, but the transcript starts during Grosswiler's presentation of his case. At trial, the parties disputed the amount of payments Grosswiler made to Goble pursuant to the Agreement. Goble argued Grosswiler had only paid $23,000 since June 2015. Grosswiler testified he paid Goble $29,000 towards the Agreement. He repaired Goble's car in lieu of payments or paid him whatever cash he had on hand when Goble came to him asking for money. Including the "in lieu payments," Grosswiler testified he paid Goble $55,441. (T. 56-57). From the portion of the transcript provided to this Court, it appeared that neither party kept good records of the payments made or received.

{¶9} On September 12, 2018, the trial court issued its entry awarding judgment to Goble and ordering Grosswiler to vacate the property. In making its determination, the trial court examined the terms of the Agreement and determined it did not satisfy the requirements of a land installment contract pursuant to R.C. 5313.02. The trial court further found the Agreement described a forcible entry and detainer proceeding as the

proper course of action to address a default by Grosswiler. Based on the evidence presented at trial, the trial court found Grosswiler paid approximately $23,050 since June 2015.

{¶10} It is from this judgment Grosswiler now appeals.

**ASSIGNMENTS OF ERROR**

{¶11} Grosswiler raises two Assignments of Error:

{¶12} "I. THE COURT ERRED WHEN IT DETERMINED THE 3-DAY NOTICE PROVIDED TO THE DEFENDANT COMPLIED WITH O.R.C. §5313.08 10-DAY NOTICE PROVISION.

{¶13} "II. THE COURT LACKED JURISDICTION TO ENTER ANY ORDER REGARDING THIS LAND CONTRACT AS MORE THAN 20% OF THE PURCHASE PRICE HAD BEEN PAID TO THE PLAINTIFF PRIOR TO MAY 29, 2018."

**ANALYSIS**

**I.**

{¶14} Grosswiler argues in his first Assignment of Error that the trial court erred when it determined the three-day notice provided to him by Goble complied with the requirements of R.C. 5313.08. We disagree.

{¶15} The parties do not dispute the Agreement was a land installment contract. R.C. 5313.08 applies when a vendee defaults on a land installment contract that has been in effect for less than five years. In this case, the parties entered into the Agreement in June 2015 and the alleged default occurred in 2018. The statute permits the vendor to bring an action for forfeiture of the vendee's rights in the contract and for restitution of the property. *Am. Servicing Corp. v. Wannemacher*, 2014-Ohio-3984, 19 N.E.3d 566, ¶ 38

(3rd Dist.) citing *Voska v. Coffman*, 6th Dist. Sandusky No. S-13-008, 2013-Ohio-5474, ¶ 10. The statute reads:

> If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under Chapter 1923. of the Revised Code. When bringing the action under Chapter 1923. of the Revised Code, the vendor complies with the notice requirement of division (A) of section 1923.04 of the Revised Code by serving notice pursuant to section 5313.06 of the Revised Code. The court may also grant any other claim arising out of the contract.

R.C. 5313.08

> {¶16} R.C. 5313.06 provides the notice provisions of a default:

> Following expiration of the period of time provided in section 5313.05 of the Revised Code, forfeiture of the interest of a vendee in default under a land installment contract shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, a written notice which:

> (A) Reasonably identifies the contract and describes the property covered by it;

(B) Specifies the terms and conditions of the contract which have not been

complied with;

(C) Notifies the vendee that the contract will stand forfeited unless the

vendee performs the terms and conditions of the contract within ten days of

the completed service of notice and notifies the vendee to leave the

premises.

Such notice shall be served by the vendor or his successor in interest by

handing a written copy of the notice to the vendee or his successor in

interest in person, or by leaving it at his usual place of abode or at the

property which is the subject of the contract or by registered or certified mail

by mailing to the last known address of the vendee or his successor in

interest.

{¶17} Grosswiler argues the notice of default provided by Goble did not comply with the provisions of R.C. 5313.06. He states that Goble served him with a R.C. 1923.04(A) three-day notice. Compliance with R.C. 5313.06, Grosswiler argues, is a jurisdictional prerequisite to a forfeiture action and because Goble failed to comply with the notice requirements, the Shelby Municipal Court was without jurisdiction over the subject matter of the land contract. *See Austin v. Sullivan*, 7th Dist. Mahoning No. 93 C.A. 43, 1994 WL 650228 (Nov. 17, 1994). Grosswiler states the trial court had no jurisdiction to enter judgment as to the land installment contract.

{¶18} A review of the record shows that Grosswiler never raised this issue to the trial court. This Court has previously stated in *Hadley v. Figley*, 2015-Ohio-4600, 46

N.E.3d 1129, ¶ 22 quoting *Snyder v. Snyder*, 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795, ¶ 19–20:

> "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000–T–0154 and Nos. 2001-T-2003, 2002-Ohio-2440, [2002 WL 1012575], at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their argument in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.
>
> Failure to raise this issue before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. S*ee Hypabyssal, Ltd. v. City of Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000 [2000 WL 1729471], citing *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830.

*Binsara, LLC v. Bolog*, 5th Dist. Stark No. 2019CA00013, 2019-Ohio-4040, 2019 WL 4855311, ¶¶ 50-51.

{¶19} Assuming a failure to comply with the notice provision of R.C. 5313.06 is a jurisdictional issue that can be raised for the first time on appeal, we find the record demonstrates Grosswiler suffered no prejudice as a result of an error with the R.C. 5313.06 notice.

{¶20} First, the holding of *Austin v. Sullivan*, 7th Dist. Mahoning No. 93 C.A. 43, 1994 WL 650228 (Nov. 17, 1994), where the Seventh District Court of Appeals found

compliance with R.C. 5313.06 is a jurisdictional prerequisite has been called into doubt by *State ex rel. Invesco Mgmt Co., L.L.C. v. Gueaga Cty.*, 11th Dist. Geauga No. 2012-G-3085, 2012-Ohio-4651, ¶ 19 and *Am. Servicing Corp. v. Wannemacher*, 2014-Ohio-3984, 19 N.E.3d 566, ¶ 44 (3rd Dist.). In *Invesco*, the Eleventh District noted *Austin* had never been followed by any other appellate district. Our research seven years later reflects the same.

{¶21} Second, a review of case law discussing R.C. 5313.06 shows courts review the facts of each case to determine whether the notice was sufficient so as not to prejudice the vendee. The Fourth District in *Estate of Chasteen v. Cartee*, 4th Dist. Scioto No. 1993, 1992 WL 238918 (Sept. 25, 1992) declined to hold that strict compliance with the R.C. 5313.06 notice requirements was a jurisdictional prerequisite to a forfeiture action. In that case, the vendor sent the defaulting vendee a notice that stated the incorrect number of days and posted a standard R.C. 1923.04 three-day forcible entry and detainer notice prior to the commencement of the forfeiture action. The vendee admitted to receiving the notices but argued the trial court should have dismissed the action for the vendor's failure to follow R.C. 5313.06. The Fourth District disagreed. It held:

> In view of the fact appellant suffered no prejudice as a result of minor error in the R.C. 5313.06 notice, we find the R.C. 1923.04 notice is sufficient to grant the court jurisdiction over the instant action. We note R.C. 1923.04(B) provides that a R.C. 5313.06 notice satisfies the R.C. 1923.04 notice requirement.

*Id.* at *4.

{¶22} The Fourth District went on to review other cases citing R.C. 5313.06:

When commenting on the purpose of R.C. 5313.06, neither *Shriver v. Grabenstetter* (May 18, 1988), Seneca App. No. 13-87-13, unreported, nor *Young v. Hodapp* (Dec. 29, 1986), Butler App. No. 85-08-094, unreported, opined that exact compliance with the R.C. 5313.06 notice requirements is a jurisdictional prerequisite to a forfeiture action. In *Shriver*, the court held that as a condition precedent to a forfeiture action, the vendee must be in default and must remain in default after the passage of the times provided in R.C. 5313.05 and 5313.06 and the notice given under R.C. 5313.06. In *Young*, the court noted R.C. 5313.06 codifies the general principle that courts have declined to enforce forfeitures of land installment contracts when purchasers later made an adequate tender of the amounts due.

*Id.* at *4.

{¶23} In *Caltrider v. Reitler*, 5th Dist. Richland No. CA-2208, 1984 WL 7506 (May 21, 1984), we discussed R.C. 5313.06 where the vendor used a R.C. 1923.04 forcible entry and detainer form to notify the vendee to vacate the premises. We held that although the form stated three days rather than the ten days required by R.C. 5313.06, we affirmed the forfeiture. *Id.* at *1. We noted that despite the three-day language, the vendor waited 13 days before filing the complaint. The court further noted that the vendee suffered no prejudice as a result of the lack of the R.C. 5313.06 ten-day language.

{¶24} The Fourth District in *Cartee* discussed cases where the courts found the vendor failed to comply with R.C. 5313.06 and the vendee prevailed:

Those three cases, however, involved more than a three day mistake in the R.C. 5313.06 notice time period. In *Jones v. Bonzo* (Oct. 30, 1991),

Lawrence App. No. 1977, unreported, there was no evidence introduced to show the vendor had complied with R.C. 5313.06. In *Noble v. Johnson* (July 27, 1983), Warren App. No. 61, unreported, the court wrote "appellants in no way complied" with R.C. 5313.06. In *Northrop v. Mangus* (Dec. 28, 1981), Muskingum App. No. CA-81-07, unreported, the vendor's notice listed no time period.

*Estate of Chasteen v. Cartee*, 4th Dist. Scioto No. 1993, 1992 WL 238918, *5.

{¶25} "None of the cases stated that exact compliance with the R.C. 5313.06 notice requirements is a jurisdictional prerequisite to a forfeiture action." *Id.* The courts examined the record to determine whether the notice was sufficient to comply with the notice requirements.

{¶26} In this case, we find Goble's April 9, 2018 notice was sufficient notice to comply with R.C. 5313.06. The form stated three days rather than the ten days required by R.C. 5313.06. Grosswiler did not contend he did not receive the notice. Despite the three-day language, Goble waited 48 days before filing the complaint. Grosswiler suffered no prejudice as a result of the lack of the R.C. 5313.06 ten-day language.

{¶27} Grosswiler's first Assignment of Error is overruled.

**II.**

{¶28} In its September 12, 2018 judgment entry, the trial court found the Agreement provided for a total purchase price of $140,000. The total payments of approximately $23,050.00 had been paid since June 2015. The trial court found Grosswiler's total payments did not total more than 20% of the purchase price. In his second Assignment of Error, Grosswiler argues the municipal court lacked jurisdiction to

consider the land installment contract because the evidence established that Grosswiler paid 20% of the purchase price, thereby requiring transfer of the matter to the court of common pleas. We disagree.

**Standard of Review**

{¶29} The trial court conducted a bench trial in this case. In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. A reviewing court is to examine the entire record and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.*; *see also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist. Stark No. 2011 CA 00262, 2012-Ohio-3549. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶30} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. *Markel v. Wright*, 5th Dist. Coshocton No. 2013CA0004, 2013-Ohio-5274. Further, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence

supporting the findings of fact and conclusion of law." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.* Accordingly, a trial court may believe all, part, or none of the testimony of any witness who appears before it. *Rogers v. Hill*, 124 Ohio App.3d 468, 706 N.E.2d 438 (4th Dist. 1998).

{¶31} As to questions of law, an appellate court applies a de novo review to the trial court's legal findings. *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 23; *Office of Consumers' Counsel v. Pub. Util. Comm.*, 58 Ohio St.2d 108, 110, 388 N.E.2d 1370 (1979) ("[a]s to questions of law, [a reviewing] court has complete, independent power of review[;] [l]egal issues are accordingly subject to more intensive examination than are factual questions").

**The Amount of Payments**

{¶32} Grosswiler contends the evidence in this case showed he made payments of approximately $31,000, which would require removal of the case from the municipal court to common pleas pursuant to R.C. 5313.07. R.C. 5313.07 states:

> If the vendee of a land installment contract has paid in accordance with the
>
> terms of the contract for a period of five years or more from the date of the
>
> first payment or has paid toward the purchase price a total sum equal to or
>
> in excess of twenty per cent thereof, the vendor may recover possession of
>
> his property only by use of a proceeding for foreclosure and judicial sale of
>
> the foreclosed property as provided in section 2323.07 of the Revised Code.

Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

{¶33} Grosswiler contends the evidence submitted at trial showed that he paid $31,000 towards the purchase price. A review of the record shows that evidence of the payments allegedly made by Grosswiler, such as bank records from Goble's bank, were deemed inadmissible by the trial court for lack of authentication. "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Huth v. Kus*, 5th Dist. No. 2017 AP 06 0015, 2018-Ohio-1931, 113 N.E.3d 140, 2018 WL 2230727, ¶ 30 quoting *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). We find no error for the trial court to find the evidence produced by Grosswiler was not admissible at trial for lack of authentication pursuant to Evid.R. 901.

{¶34} In support of his argument on appeal, Grosswiler attempts to introduce an exhibit that was not admitted at trial. The exhibit is a statement prepared by Grosswiler of the payments he allegedly made to Goble pursuant to the Agreement. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus (1978).

{¶35} The transcript submitted by Grosswiler with this appeal did not include Goble's presentation of the case. When portions of the transcript necessary for resolution

of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). The evidence presented to this Court showed that both parties kept poor records of the payments. Grosswiler presented texts between the parties to demonstrate the payments made, but there was no specific reference to a payment made or receipt of payment. (T. 16-17). We find that based on this record, there was competent, credible evidence for the trial court to determine Grosswiler made approximately $23,050.00 in payments since June 2015. The trial court was in the best position to determine the credibility of the witnesses, when the witnesses' testimony, rather than records, comprised the majority of the case presented.

{¶36} Grosswiler's second Assignment of Error is overruled.

## CONCLUSION

{¶37} The judgment of the Shelby Municipal Court is sustained.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.