[Cite as *Bizfunds, L.L.C. v. Jetmo, Inc.*, 2023-Ohio-81.]

# Court of Appeals of Ohio, Eighth District

County of Cuyahoga
Nailah K. Byrd, Clerk of Courts

BIZFUNDS, LLC,

|  |  |  |
|---|---|---|
| Plaintiff-Appellee | COA NO.<br>111032 | LOWER COURT NO.<br>CV-20-933144 |
| -vs- | | COMMON PLEAS COURT |

JETMO, INC. DBA MONROE
TRANSMISSION, ET AL.,

Defendant-Appellants        MOTION NO. 559343

Date January 12, 2023

_____
Journal Entry
_____

Motion by appellee for reconsideration is granted. The journal entry and decision released and journalized October 27, 2022, 2022-Ohio-3815, is hereby vacated and substituted with the journal entry and opinion issued this same date.

Judge Sean C. Gallagher, Concurs

Judge Eileen A. Gallagher, Concurs

_____
Anita Laster Mays
Administrative Judge

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BIZFUNDS, LLC,                          :

    Plaintiff-Appellee,          :

                          No. 111032

    v.                           :

JETMO, INC. DBA MONROE                  :
TRANSMISSION, ET AL.,

                         :

    Defendants-Appellants.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
           PART, AND REMANDED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-933144

---

### *Appearances:*

Egon P. Singerman and Hunter G. Cavell, *for appellee*.

Scott J. Friedman, *for appellants*.

ON RECONSIDERATION[1]

ANITA LASTER MAYS, A.J.:

{¶ 1} Pursuant to App.R. 26(A)(1)(a), plaintiff-appellee Bizfunds, LLC ("Bizfunds") has filed an application for reconsideration of this court's opinion in *Bizfunds, LLC v. Jetmo, Inc.*, 8th Dist. Cuyahoga No. 111032, 2022-Ohio-3815.

{¶ 2} The test regarding whether to grant a motion for reconsideration under App.R. 26(A)(1)(a) "'is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been.'" *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 182, quoting *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982).

{¶ 3} We grant Bizfund's motion for reconsideration. We therefore vacate the earlier opinion and issue this opinion in its place. *See* App.R. 22(C).

{¶ 4} Defendants-appellants Jetmo Inc., d.b.a. Monroe Transmission ("Jetmo"), Kleen Car Auto Brokers, LLC ("Kleen"), Michael Casserino ("Michael"), and Laura Casserino ("Laura"), collectively known as the "appellants," appeal the trial court's decision denying their motions for judgment on the pleadings and summary judgment and granting plaintiff-appellee Bizfunds motion for summary

---

[1] The original decision in this appeal, *Bizfunds, LLC v. Jetmo, Inc.*, 8th Dist. Cuyahoga No. 111032, 2022-Ohio-3815, released October 27, 2022, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

judgment. Jetmo asks this court to reverse the trial court's decision and remand this matter for further proceedings. We affirm in part, reverse in part, and remand to the trial court for proceedings consistent with this opinion.

## I.     Facts and Procedural History

{¶ 5}    Bizfunds, a corporation located in Cuyahoga County, Ohio, purchases future receivables of businesses. On February 3, 2020, Michael, owner of Jetmo, entered into an agreement with Bizfunds where Bizfunds would purchase Jetmo's future merchant receivables for $47,996. The agreement states that the projected monthly average receivables were $29,838. Michael was the only person to sign as the guarantor.

{¶ 6}    Per the terms of the agreement, Bizfunds advanced an up-front payment of $35,500 to Jetmo and Michael. Bizfunds alleges that upon receiving the $35,500, Jetmo almost immediately ceased processing credit card transactions and failed to pay $47,996, the balance owed to Bizfunds. The agreement does not set forth a specific time period or date that the full amount has to be repaid, but it does state that "[t]his agreement shall be in full force and effect until the Purchased Amount of Future Receivables has been delivered by Merchant to the Buyer." Michael stated that he planned to use the $35,500 to renovate his repair shop.

{¶ 7}    Jetmo operated its business at 1672 East Ridge Road in Rochester, New York. The facility is owned by Kleen, which is owned by Laura, Michael's wife. Bizfunds alleges that Michael and Jetmo breached their agreement because Jetmo

immediately ceased operations and processing credit cards transactions. Bizfunds contacted Jetmo at the phone number listed on the agreement. Bizfunds discovered that another company, Platinum Autohaus LLC ("Platinum") was operating an auto repair shop out of the same facility. Michael was listed as an authorized contact for the new company's credit card processing agreement.

{¶ 8} Bizfunds discovered that on February 1, 2020, two days prior to the execution of the agreement between Bizfunds and Jetmo, Platinum signed a lease agreement to operate its business out of the same facility owned by Kleen where Jetmo operated its business. On the lease agreement between Platinum and Kleen, Platinum was granted the same address, phone number, website, social media pages, and equipment of Jetmo. This lease agreement was signed by Platinum and Laura, on behalf of Kleen, on January 25, 2020. This agreement was signed a week before Michael represented that he owned the shop at the same address.

{¶ 9} Michael claims that soon after he signed the agreement with Bizfunds, Jetmo suffered a decline in revenue as a result of the COVID-19 pandemic. Michael also claims that he had no relation to Platinum or Kleen. According to Michael, Kleen and Platinum entered into a lease agreement where Platinum and Jetmo would operate their businesses simultaneously at the same location. Michael asserted that the agreement between Bizfunds and Jetmo had no bearing on the agreement between Platinum and Kleen.

{¶ 10} Bizfunds disagreed with Michael's assertions and filed a complaint on June 8, 2020, alleging that the appellants were in default of the agreement and have failed to pay the balance of the purchase amount. Bizfunds also requested attorney fees in the amount of $15,989.87. In Bizfunds' complaint, they also alleged that Jetmo fraudulently entered into the agreement knowing that upon receiving the $35,500, Jetmo would immediately cease selling its services.

{¶ 11} On September 8, 2020, the appellants filed a motion for judgment on the pleadings. They requested that the trial court dismiss the breach-of-contract claim against Laura and Kleen because they were not included in the agreement between Michael and Bizfunds. The appellants argued that Laura could not be held personally liable for breach of contract, even if she owned Jetmo, because she did not sign the contract. On January 19, 2021, the trial court denied the appellants' motion without explanation. Journal entry No. 115726055 (Jan. 19, 2021).

{¶ 12} On March 18, 2021, Bizfunds filed a motion for summary judgment. Bizfunds argued that Kleen is the successor in interest to Jetmo and that Laura, as the owner of Kleen, acted in concert with Jetmo and Michael. Bizfunds also argued that there is no genuine issue of material facts in dispute and that Bizfunds is owed $47,974.40. On May 3, 2021, the appellants filed their brief in opposition to Bizfunds' motion and a motion for summary judgment.

{¶ 13} On September 21, 2021, the trial court granted Bizfunds' motion for summary judgment and denied the appellants' motion. In the trial court's journal entry, it states, in part:

> Plaintiff's motion for summary judgment, filed 03/18/2021, is granted. The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that plaintiff is entitled to judgment as a matter of law.
>
> Judgment is hereby rendered for plaintiff and against defendants Jetmo, Inc. DBA Monroe Transmission NKA Kleen Car Auto Brokers LLC, Michael Casserino, and Laura Casserino, jointly and severally, in the amount of $47,974.00 plus interest at the statutory rate from the date of judgment and court costs. * * *
>
> Defendants['] motion for summary judgment, filed 05/03/2021, is denied.

Journal entry No. 118745492 (Sept. 21, 2021).

{¶ 14} The trial court set a hearing for punitive damages and attorney fees on October 26, 2021, and on November 4, 2021, the trial court, in its journal entry, stated, in part:

> Upon consideration of the evidence, the court awards punitive damages in the amount of $25,000.00 and attorney fees in the amount of $11,993.50, in favor of plaintiff and against all defendants, jointly and severally. Final.

Journal entry No. 119364115 (Nov. 4, 2021).

{¶ 15} On November 19, 2021, the appellants filed a motion to stay the trial court's order pending the outcome of this appeal. On February 8, 2022, the trial

court denied the appellants' motion. Journal entry No. 121058495 (Feb. 2, 2022). On the same day the appellants filed their motion to stay, they filed an appeal assigning five errors for our review:

1. The trial court erred in denying the defendants' motion for judgment on the pleadings;

2. The trial court erred in granting the plaintiff's motion for summary judgment against the defendants;

3. The trial court erred in denying the defendants' motion for summary judgment;

4. The trial court erred in awarding $25,000.00 in punitive damages to the plaintiff, against all defendants, jointly and severally; and

5. The trial court erred in awarding $11,993.50 in attorney fees against all defendants, jointly and severally.

{¶ 16} We will review assignment of error Nos. 2 and 3 together as they both concern the trial court's ruling on the summary judgment motion.

## II. Judgment on the Pleadings

### A. Standard of Review

{¶ 17} "Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) provides that '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.'" *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 37. "In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings." *Id.*, citing *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga

No. 97605, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 10. "'"Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law."'" *Id.*, quoting *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d at 565, 664 N.E.2d 931 (1996).

{¶ 18} "Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law." *Id.*, citing *Rayess* at ¶ 18. "We review a trial court's granting of a motion for judgment on the pleadings de novo." *Id.*, citing *id.*

**B.    Law and Analysis**

{¶ 19} In the appellants' first assignment of error, they argue that the trial court erred in denying their motion for judgment on the pleadings. The appellants filed a motion for judgment on the pleadings. They requested that the trial court dismiss the breach-of-contract claim against Laura and Kleen because they were not included in the agreement between Michael and Bizfunds. The appellants argued that Laura could not be held personally liable for breach of contract, even if she owned Jetmo, because she did not sign the contract. Additionally, the appellants contend that Bizfunds could not, as a matter of law, sustain a fraud cause of action against them because the gravamen of its complaint was a claim for breach of

contract and that the facts alleged in the Bizfunds' complaint do not support a cause of action of fraud against the appellants.

{¶ 20} In Bizfunds' response to appellants' motion, they argue that Laura was a successor in interest and, therefore, could be held liable for the breach. Bizfunds also argued that its complaint set forth the facts that led to the dispute, including, but not limited to, the agreement date, amount demanded, and content of the agreement, and further set forth the particulars of appellants' fraudulent actions.

### i. Fraud

{¶ 21} Bizfunds contends that the appellants committed fraud because the appellants received funds for future transactions with the knowledge that they would immediately cease selling services.

> A claim for fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Kobal v. Edward Jones Secs.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 15, citing *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991).

{¶ 22} However, appellants argue that the gravamen of Bizfunds' complaint is breach of contract, not fraud.

> In order to substantiate a breach of contract claim, a party must establish four elements: (1) a binding contract or agreement was

formed; "[(2)] the nonbreaching party performed its contractual obligations; [(3)] the other party failed to fulfill its contractual obligations without legal excuse; and [(4)] the nonbreaching party suffered damages as a result of the breach."

*Carbone v. Nueva Constr. Group, L.L.C.*, 2017-Ohio-382, 83 N.E.3d 375, ¶ 14 (8th Dist.), quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996).

{¶ 23} Bizfunds argues that before Michael executed the agreement with them on February 3, 2020, he and Laura agreed to lease the building where Jetmo operated to Platinum on February 1, 2020. According to the lease agreement, which was entered into the record, Kleen entered into a lease agreement with Platinum at the same address where Jetmo is located. In the agreement, Platinum was granted the right to use Jetmo's phone numbers, social media sites, website, and any and all parts and equipment.

{¶ 24} Additionally, the record revealed that Jetmo processed its credit card transactions through Electronic Merchant Systems ("EMS"). EMS confirmed that Jetmo ceased processing all credit card transactions on February 3, 2020, with the exception of one sale of $108 on March 8, 2020. EMS also confirmed that another company, Platinum, was operating an auto repair shop at the same address for Jetmo, and executed an agreement with them on January 2, 2020. Michael was listed on the Platinum agreement as an authorized contact.

{¶ 25} Bizfunds argues that Michael committed fraud and intentionally misled Bizfunds because he entered into the agreement with Bizfunds with the

knowledge that he was going to cease operations as Jetmo and begin as Platinum. "'A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation.'" *Mtge. Elec. Registration Sys. v. Mosley*, 8th Dist. Cuyahoga No. 93170, 2010-Ohio-2886, ¶ 31, quoting *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502, 692 N.E.2d 574 (1998).

{¶ 26} The record reflects and supports that Michael as the sole representative of Jetmo was responsible for the misrepresentations inducing Bizfunds because he omitted the fact that he had leased Jetmo's equipment, parts, website, phone numbers, social media sites, and location to Platinum on February 1, 2020. This lease agreement, which was executed before the February 3, 2020 agreement between Jetmo and Bizfunds, was material to the transaction and was intended to mislead Bizfunds into giving Michael $35,500. These actions resulted in a binding contract being formed between Bizfunds and Jetmo; Bizfunds performed its contractual obligation by advancing the $35,500; Jetmo failed to fulfill its obligations without legal excuse; and finally, Bizfunds suffered damages as a result of Jetmo's breach.

{¶ 27} There is nothing in the record that demonstrates that Laura made any representations to induce Bizfunds into entering into the receivables purchase agreement. The record reflects that Michael knew at the time that he entered into the receivables purchase agreement with Bizfunds that Jetmo had effectively ceased operations. Michael's actions at the time were separate from the breach of contract because he made a representation that was material to the transaction at hand,

that was made with knowledge of its falsity, that was made with the intent of misleading Bizfunds into relying upon it, and that resulted in an injury proximately caused by the reliance. Additionally, there was no evidence that Michael represent Kleen at the time of the alleged fraud.

{¶ 28} Therefore, the trial court did not err in denying appellants' motion for judgment on the pleadings.

### ii. Laura Casserino and Kleen Auto Brokers

{¶ 29} The appellants argue that Laura and her business, Kleen, were not parties to the agreement between Bizfunds and Jetmo and, therefore, should not be held liable for fraud or breach of contract. While it is correct that neither Laura nor Kleen made any misrepresentations in the original contract between Bizfunds and Jetmo, Bizfunds, however, contends that Laura, as the owner of Kleen, acted in concert with Jetmo and Michael and is the successor in interest to Jetmo. In order to be a successor in interest, the following must exist: Laura must expressly or impliedly agree to assume such liability; the transaction between Jetmo, Bizfunds, and Kleen amounts to a de facto consolidation or merger; Kleen is merely a continuation of Jetmo; or the transaction is entered into fraudulently for the purpose of escaping liability. *Gallagher v. Cochran*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio-4917, ¶ 50.

{¶ 30} There is no evidence that Laura signed a personal guarantee. Without a personal guarantee signed by Laura, however, she cannot be held liable for the debts of Kleen (even assuming that Kleen was the successor in interest to Jetmo for

debts and assets). "An officer of a corporation is not personally liable on contracts for which his corporate principal is liable, unless he intentionally or inadvertently binds himself as an individual." *J.D.S. Properties v. Walsh*, 8th Dist. Cuyahoga No. 91733, 2009-Ohio-367, ¶ 18; *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16 ("The principle that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law."), citing Section 3, Article XIII, Ohio Constitution, and *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.,* 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993); *United States Bank Natl. Assn. v. MMCO, LLC*, 2021-Ohio-4605, 183 N.E.3d 499, ¶ 58 (8th Dist.); *Cleveland v. Embassy Realty Invests., Inc.*, 2018-Ohio-2513, 112 N.E.3d 460, ¶ 37 (8th Dist.), citing *State ex rel. Petro v. Mercomp, Inc.*, 167 Ohio App.3d 64, 2006-Ohio-2729, 853 N.E.2d 1193, ¶ 20 (8th Dist.).

{¶ 31} There is no dispute that Laura and Kleen own the building from which Michael operated Jetmo. However, Michael, in the February 3, 2020 agreement with Bizfunds, represents that he is the owner of the building. Additionally, the lease agreement between Platinum and Kleen states that the address for Kleen is the same as the address for Jetmo. The lease agreement also grants Platinum the right to use Jetmo's phone numbers, social media sites, website, and any and all parts and equipment. Bizfunds argues that these facts support the de facto merger of Jetmo and Kleen and that Kleen is a continuation of Jetmo.

{¶ 32} "'A de facto merger is a merger in fact without an official declaration of such.'" *Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co., L.P.A.*, 8th Dist. Cuyahoga No. 102088, 2015-Ohio-2519, ¶ 23, quoting *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St. 3d 344, 350, 617 N.E.2d 1129 (1993).

> The hallmarks of a de facto merger include: (1) the continuation of the previous business activity and corporate personnel; (2) a continuity of shareholders resulting from a sale of assets in exchange for stock; (3) the immediate or rapid dissolution of the predecessor corporation; and (4) the assumption by the purchaser of all liabilities and obligations ordinarily necessary to continue the predecessor's business operations.

*Id.*, citing *id.*

{¶ 33} "Moreover, courts interpreting and applying Ohio's de facto merger doctrine have reasoned that a rule requiring the presence of all of the hallmarks would be too rigid and would dilute the doctrine." *Id.*, citing *Cytec Indus., Inc. v. B.F. Goodrich Co.*, 196 F.Supp.2d 644, 658 (S.D.Ohio 2002) (applying Ohio law).

{¶ 34} In our instant case, the record reflects that both Kleen and Jetmo continued the previous business activity. Michael and Laura, as owners of Jetmo and Kleen, respectively, both claim to be owners of the property where Kleen, Jetmo, and Platinum operated. Michael, as the owner of Jetmo, claimed to be the owner in the agreement with Bizfunds, and Laura, as the owner of Kleen, claimed to be the owner in the agreement with Platinum. In the lease agreement between Laura, Kleen, and Platinum, it assigned Jetmo's address, website, phone number, social media pages, and parts and equipment to Platinum. It its noted that Michael was not listed on the aforementioned lease agreement, nor did he sign the agreement.

{¶ 35} Despite working from the same building, we determine that Bizfunds has not demonstrated that at the time Michael entered into the contract with Bizfunds, Laura, in her personal capacity, or Kleen were parties to the contract or engaged in the fraudulent behavior in concert with Michael. Thus, the trial court erred when it did not dismiss the breach of contract or fraud claim against Laura and Kleen.

{¶ 36} Therefore, appellants' first assignment of error is overruled in part and sustained in part.

## III. Summary Judgment

### A. Standard of Review

{¶ 37} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 38} The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*,

75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E).

## B. Law and Analysis

{¶ 39} In the appellants' second and third assignments of error, they argue that the trial court erred in granting Bizfunds' motion for summary judgment and denying their motion for summary judgment. The specific arguments appellants made in their motion for summary judgment are identical to the arguments made in their motion for judgment on the pleadings. Specifically, the appellants contend that an issue of material fact remained as to whether the appellants should be liable for fraud. They also argued that Laura did not enter into a contract with Bizfunds; Laura should not be personally liable, even if she is considered an owner of Jetmo; and Laura, as the owner of Kleen, could not be liable for fraud.

{¶ 40} The appellants have not demonstrated that the trial court erred in denying their motion for summary judgment and granting Bizfunds' motion with respect to the fraud claims against Michael and Jetmo. However, the trial court did err when it failed to dismiss the claims against Laura and Kleen. As previously stated, the record reflects and supports that Michael, as the owner of Jetmo, committed the alleged fraud against Bizfunds because he omitted the fact that he had leased Jetmo's equipment, parts, website, phone numbers, social media sites, and location to Platinum. This lease agreement, which was executed before the

agreement between Jetmo and Bizfunds, was material to the transaction and was intended to mislead Bizfunds into giving Michael $35,500. Bizfunds was entitled to judgment as a matter of law again Michael and Jetmo only.

{¶ 41} Therefore, the appellants' second and third assignments of error are overruled as to the trial court's decision concerning Michael's fraud against Bizfunds and sustained as to the trial court's decision denying the appellants' request to dismiss the claims against Laura and Kleen.

## IV. Punitive Damages

### A. Standard of Review

{¶ 42} "We review the determination of damages under the abuse of discretion standard." *Mtge. Elec. Registration Sys. v. Lambert*, 8th Dist. Cuyahoga No. 94681, 2011-Ohio-461, ¶ 9, citing *Roberts v. U.S. Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996.)

{¶ 43} "A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable." *Twymon v. Eagle Auto Parts, Inc.*, 8th Dist. Cuyahoga No. 110993, 2022-Ohio-2360, ¶ 35, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable when 'no sound reasoning process' supports that decision." *Id.,* citing *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**B.    Law and Analysis**

{¶ 44} In appellants' fourth assignment of error, they argue that the trial court erred by awarding Bizfunds punitive damages because Bizfunds did not suffer a harm that was distinct from its breach-of-contract action and Bizfunds failed to provide evidence that the appellants' conduct was aggravated by the existence of malice or ill will, or that the conduct was gross or egregious.

{¶ 45} Pursuant to R.C. 2315.21(C), punitive damages are recoverable from a defendant in a tort action where both of the following apply:

> (1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.
>
> (2) The trier of fact has returned a verdict or has made a determination * * * of the total compensatory damages recoverable by the plaintiff from that defendant.

R.C. 2315.21(C); *see also Bank of New York Mellon v. Floyd*, 8th Dist. Cuyahoga No. 110248, 2021-Ohio-3736, ¶ 66.

{¶ 46} As discussed earlier in this opinion, the record reflects that the appellants engaged in fraud to induce Bizfunds into an agreement for $35,500. However, "[a]ggravated fraud requires evidence of maliciousness, deliberateness, grossness, or wantonness." *Romp v. Haig*, 110 Ohio App.3d 643, 675 N.E.2d 10 (1st Dist.1995), citing *Logsdon v. Graham Ford Co.*, 54 Ohio St. 2d 336, 339, 376 N.E.2d 1333 (1978). The record reflects that Michael and Jetmo entered into the lease agreement with Platinum on February 1, 2020, two days before executing the

agreement with Bizfunds and purposefully omitted those facts to Bizfunds. The record also reflects that Michael and Jetmo stopped operating as Jetmo and Jetmo ceased its credit card transactions, with the exception of one transaction in March 2020, the same day they executed the agreement with Bizfunds. These actions were deliberate, and the trial court did not abuse its discretion in awarding Bizfunds punitive damages for Michael's fraud. However, Laura is not liable for Michael and Jetmo's fraud. Thus, the trial court should not have awarded punitive damages against Laura and Kleen.

{¶ 47} Therefore, the appellants' fourth assignment of error is overruled as it relates to Michael and Jetmo and reversed with respect to Laura and Kleen.

## V. Attorney Fees

### A. Standard of Review

{¶ 48} "'Determination of the amount to be awarded for reasonable attorneys [sic] fees under [R.C.] 5321.16 lies within the sound discretion of the trial judge.'" *Christen v. Continental Ents.*, 2020-Ohio-3665, 154 N.E.3d 1192, ¶ 34 (8th Dist.), quoting *Hoerner v. Gms Mgt. Co.*, 8th Dist. Cuyahoga No. 46736, 1983 Ohio App. LEXIS 14501, 5-6 (Dec. 15, 1983). "'We review a trial court's award of attorney fees for abuse of discretion.'" *Id.*, quoting *Davis v. Wesolowski*, 8th Dist. Cuyahoga No. 108606, 2020-Ohio-677, ¶ 27. "A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable." *Id.*, citing *Bales v. Forest River, Inc.*, 8th Dist. Cuyahoga No. 107896, 2019-Ohio-4160, ¶ 21, citing *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140.

**{¶ 49}** "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Id.* at ¶ 35, quoting *AAAA Ents. Inc.*, 50 Ohio St.3d at 161, 553 N.E.2d 597. "'"A trial court also acts unreasonably and abuses its discretion when "the amount of fees determined is so high or so low as to shock the conscience."'" *Id.*, quoting *Bales* at ¶ 21, quoting *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991).

### B. Law and Analysis

**{¶ 50}** In appellants' fifth assignment of error, they argue that the trial court abused its discretion by awarding attorney fees against all defendants, jointly and severally. Specifically, appellants contend that Laura never signed the contract between Bizfunds and Jetmo and, therefore, cannot be held liable for attorney fees. As previously stated, Bizfunds has not demonstrated that at the time Michael entered into the contract with Bizfunds, Laura was party to the contract or engaged in the fraudulent behavior in concert with Michael.

**{¶ 51}** Appellants also argue that the trial court failed to consider the reasonableness of the attorney fees. The award of attorney fees were proper because "'[t]he Supreme Court of Ohio, as well as this court, has held that attorney fees are recoverable as part of compensatory damages only when punitive damages have been awarded.'" (Citations omitted.) *Hawes v. Downing Health Technologies L.L.C.*, 8th Dist. Cuyahoga No. 110920, 2022-Ohio-1677, ¶ 86, quoting *Danial v. Lancaster*, 8th Dist. Cuyahoga No. 92462, 2009-Ohio-3599, ¶ 18.

{¶ 52} In this instant case, the trial court awarded Bizfunds compensatory damages, as well as punitive damages for fraud. "As an initial matter, we note that in general attorney fees may be awarded in connection with a claim for fraudulent inducement to enter into a contract." *Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 100173, 2014-Ohio-5041, ¶ 21.

> Under Ohio law, an award of punitive damages is available only upon a finding of actual malice. *Wills v. Kolis*, 8th Dist. Cuyahoga No. 93900, 2010-Ohio-4351, ¶ 47-48, citing *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 316, 736 N.E.2d 517 (10th Dist.1999). The "actual malice" necessary for purposes of an award of punitive damages has been defined as "'(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" *Berge*, quoting *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), syllabus.

*Hawes* at ¶ 78.

{¶ 53} In order for the trial court to award Bizfunds attorney fees, there has to be a finding of actual malice and an award for punitive damages. *Id*. at ¶ 87. Bizfunds argued in its motion for attorney fees and punitive damages that Michael's conduct was malicious and fraudulent. The trial court conducted a hearing and agreed with Bizfunds, granting its motion.

{¶ 54} In its complaint, Bizfunds requested attorney fees in the amount of $15,989.87. The trial court conducted a hearing and awarded Bizfunds $11,993.50, which demonstrates that the trial court considered the reasonableness of Bizfunds' request. Bizfunds also submitted evidence that its counsel's rate was $275 per hour and counsel billed Bizfunds $16,225 for 59 hours.

{¶ 55} Therefore, the appellants' fifth assignment of error is overruled with respect to Michael and Jetmo, but reversed in relation to Laura and Kleen.

{¶ 56} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellee and appellants split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION


SEAN C. GALLAGHER, J., DISSENTING:

{¶ 57} I respectfully dissent.

{¶ 58} I agree that there is no factual support for the allegation that Laura Casserino made any misrepresentations inducing Bizfunds, LLC, into signing the receivables purchase agreement, entered by Jetmo, Inc., through Michael Casserino as Jetmo's representative. As the appellants have claimed throughout this litigation, "Ohio does not recognize a cause of action for aiding and abetting a tortious act. A person is liable only if he engages in behavior that is unlawful and not simply

because he aided or abetted wrongful conduct." *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 36, citing *De Vries Dairy, L.L.C. v. White Eagle Coop. Assn., Inc.*, 132 Ohio St.3d 516, 2012-Ohio-3828, 974 N.E.2d 1194, ¶ 2.

{¶ 59} A cursory review of Bizfunds' motion for summary judgment demonstrates that Bizfunds failed to include any evidence recognized under Civ.R. 56(E) demonstrating that Laura, or Kleen Car Auto Brokers, LLC, for that matter, made any representations to induce Bizfunds into entering the receivables purchase agreement even if we presumed that the fraud claim had been pleaded with specificity as required.[2]   In fact, according to the sworn affidavit of Bizfunds' representative, Michael was the sole person responsible for the alleged inducement. The sole issue is which corporate interest he represented at the time he allegedly made the fraudulent statements.   Bizfunds' evidence, the affidavit of its representative, confirms that Michael made the representations regarding the status of Jetmo's operations, a point of fact expressly confirmed in the receivables purchase agreement in section 2.1 under the "Representations and Warranties of Merchant and Guarantor [(Michael)]": "Merchant is not contemplating closing its business."

---

[2] Bizfunds attached five documents in support of its motion for summary judgment, four of which were unauthenticated (all documents except for the affidavit were not permissible under Civ.R. 56(E), but it does not appear that an objection was raised).  Bizfunds attached (1) an affidavit from Bizfunds' representative confirming that it entered the merchant receivables purchase agreement based on Michael's representations; (2) a copy of the agreement; (3) Jetmo's "merchant information form" indicating the funds were to be used for shop renovations; (4) a merchant application for Platinum Autohaus, LLC signed by Michael; and (5) a copy of the lease agreement between Kleen and Platinum Autohaus signed by Laura on behalf of Kleen.

There is no evidence that Michael represented Kleen at the time the alleged fraud occurred.

{¶ 60} Thus, the fraud claim cannot lie against Laura in her personal capacity or against Kleen because Bizfunds did not demonstrate that either of those defendants engaged in the alleged fraud. At best, they merely aided or abetted Michael's tortious act; but Michael was expressly acting on behalf of Jetmo at the time. *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287, 2021-Ohio-206, ¶ 76 (holding that "the state of Ohio does not recognize a cause of action for aiding and abetting a tortious act").

{¶ 61} The only claim applicable against Laura in her personal capacity is based on her alleged ownership of Kleen under the breach-of-contract claim, in which Bizfunds claims that Kleen is a successor in interest to Jetmo. Without a personal guarantee signed by Laura, however, she cannot be held liable for the debts of Kleen (even assuming that Kleen was the successor in interest to Jetmo for debts and assets). "An officer of a corporation is not personally liable on contracts for which his corporate principal is liable, unless he intentionally or inadvertently binds himself as an individual." *J.D.S. Props. v. Walsh*, 8th Dist. Cuyahoga No. 91733, 2009-Ohio-367, ¶ 18; *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16 ("The principle that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law."), citing the Ohio Constitution, Article XIII, Section 3, and *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 287, 617

N.E.2d 1075 (1993); *United States Bank Natl. Assn. v. MMCO, LLC*, 2021-Ohio-4605, 183 N.E.3d 499, ¶ 58 (8th Dist.); *Cleveland v. Embassy Realty Invests., Inc.*, 2018-Ohio-2513, 112 N.E.3d 460, ¶ 37 (8th Dist.), citing *State ex rel. Petro v. Mercomp, Inc.*, 167 Ohio App.3d 64, 2006-Ohio-2729, 853 N.E.2d 1193, ¶ 20 (8th Dist.).

{¶ 62} The trial court erred and should have entered judgment in Laura's favor upon all claims under unambiguous Ohio law. As Laura demonstrated in her motion for summary judgment and in this appeal, she cannot be held liable for the debt as a matter of law under either the fraud or breach-of-contract theory.

{¶ 63} In this respect, I agree with the majority opinion's granting of judgment upon all claims in favor of Laura, but my opinion diverges from that of the majority opinion for the remainder of the arguments presented.

{¶ 64} With respect to Kleen's liability based on Bizfunds' claim that it is successor in interest to Jetmo based on a de facto merger of the two separate entities, there is no evidence that Kleen continued Jetmo's operations. In *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 617 N.E.2d 1129 (1993), syllabus, the Ohio Supreme Court held that

> "[a] corporation that *purchases* the assets of another is not liable for the contractual liabilities of its predecessor corporation unless (1) the buyer expressly or impliedly agrees to assume such liability; (2) the *transaction* amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability."

(Emphasis added.) *State ex rel. Crosset Co. v. Conrad*, 87 Ohio St.3d 467, 475, 721 N.E.2d 986 (2000). Bizfunds has not demonstrated, much less alleged, that Jetmo sold its assets to Kleen, and therefore, there is no transaction to be considered as a de facto consolidation or merger.

{¶ 65} At best, there is an issue of fact as to Kleen's and Jetmo's interest in the building and fixtures, at least according to Bizfunds' own documentary submissions. There is disputed evidence that Kleen or Jetmo was the owner of the property (Jetmo and Kleen both claimed to have owned the property and fixtures), an issue that could have easily been demonstrated through publicly available land-transfer documents. There is also undisputed evidence that a third entity (Platinum Autohaus) took over Jetmo's operations. Kleen was only the lessor of the property, and there is no evidence, much less any allegation, that Kleen is the alter ego of the Platinum Autohaus, the entity taking over the auto-repair business that would be considered as Jetmo's successor under the de facto merger doctrine.

{¶ 66} As it stands based on the evidence and arguments presented for review, Jetmo and Kleen were separate corporate entities operating through the common ownership of possibly Michael and Laura, but there is no evidence Kleen impliedly or expressly assumed Jetmo's liability. Under well-settled law, separate entities are not liable for the debts of each other even if they share owners or shareholders. *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464, 2009-Ohio-1247, 905 N.E.2d 613, syllabus ([a] "corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first" even if both entities

have common shareholders or owners); *Meinert Plumbing v. Warner Industries*, 2017-Ohio-8863, 90 N.E.3d 966, ¶ 47 (8th Dist.). At the least, Kleen's liability upon Jetmo's debt has not been demonstrated with undisputed evidence, and therefore, a triable issue of fact exists with respect to Kleen's liability on the breach-of-contract action.

{¶ 67} With respect to Michael's liability, the trial court's decision awarding punitive damages along with the general verdict of $47,974 must be considered to have been based on the fraud claim since the breach-of-contract damages would not support the award of punitive damages.[3] Under R.C. 2315.21(C), no punitive damages are recoverable unless the trier of fact has returned a verdict awarding compensatory damages upon *a tort claim*. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, paragraph one of syllabus. Thus, the trial court's judgment must necessarily mean it awarded the $47,974 upon the fraud claim alone, which survives against Michael only in his personal capacity. There are two problems with this conclusion.

{¶ 68} Under unambiguous law, the trier of fact alone "shall determine liability of any defendant for punitive or exemplary damages and the amount of those damages." R.C. 2315.21(D)(1). Thus, punitive damages can be awarded only if "the actions or omissions of that defendant demonstrate malice or aggravated or

---

[3] The attorney fees were either based on the breach-of-contact action, since the receivables purchase agreement included a provision to that effect, or were based on the punitive damages awarded through the fraud claim, which requires compensatory damages upon the tort claim to be awarded before punitive damages can be considered. *See, e.g., Fowerbaugh v. Sliman*, 8th Dist. Cuyahoga No. 110657, 2022-Ohio-1314, ¶ 61.

egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." R.C. 2315.21(C)(1). "Whether malice exists is a question for the trier of fact." *Fowerbaugh* at ¶ 65, citing *Al-Aroud v. McCoy*, 5th Dist. Stark No. 2021 CA 00003, 2021-Ohio-3832, ¶ 35, and *Spires v. Oxford Mining Co., LLC*, 2018-Ohio-2769, 116 N.E.3d 717, ¶ 32 (7th Dist.); R.C. 2315.21(D)(1). As a matter of law, punitive damages cannot be awarded and the amount of damages determined, under Civ.R. 56. Absent stipulations as to malice and the amount of damages, a trial is necessary.

{¶ 69} The majority opinion's decision affirming the punitive damages entered upon summary judgment without setting the matter for trial is contrary to the statutory law upon which the punitive damages award rests.

{¶ 70} And finally, the majority opinion has not addressed the primary issue raised by Michael: that Bizfunds cannot assert a claim for fraud since the duties owed were established by the receivables purchase agreement, citing *Res. Title Agency, Inc. v. Morreale Real Estate Servs.*, 314 F.Supp.2d 763, 773-774 (N.D. Ohio 2004); *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir.1981); and *Salvation Army v. Blue Cross & Blue Shield*, 92 Ohio App.3d 571, 578, 636 N.E.2d 399 (8th Dist.1993) ("It is not a tort to breach a contract, no matter how willful or malicious the breach."). In order to assert a fraud claim based on the duties imposed by a contract, the plaintiff must allege that the fraud and damages exist independent of the breach of contract. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453,

2018-Ohio-15, 97 N.E.3d 458, ¶ 36. If fraud in the inducement is proven, the remedy is the tender of the consideration paid, not to award contractual damages. *Berry v. Javitch, Block & Rathbone, L.L.P.*, 127 Ohio St.3d 480, 2010-Ohio-5772, 940 N.E.2d 1265, ¶ 31.

{¶ 71} Panels from this district have concluded that alleging the same measure of damages for a breach-of-contract and fraud claims necessarily demonstrates that the plaintiff cannot pursue the fraud claim or the corresponding punitive damages claim. *Cord v. Victory Solutions, L.L.C.*, 8th Dist. Cuyahoga No. 106006, 2018-Ohio-590, ¶ 17 (damages for fraud must be attributable to the tortious acts that are in addition to the damages arising from the breach of the related contract), citing *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 96108, 2011-Ohio-4824, ¶ 28 (the trial court's dismissal of the tort claim based on the fact that the plaintiff failed to assert additional basis for recovery beyond that expressed in the claim for breach of contract was affirmed). Fraudulent inducement into a contract does not permit the aggrieved party to assert contractual damages as a measure of the fraud damages.

{¶ 72} The majority opinion's conclusion that Bizfunds demonstrated the existence of fraud in general does not resolve whether the fraud claim can coexist with the breach of the receivables purchase agreement and, based on the facts presented, conflicts with the settled law in this district that fraud claims must be independent of the breach of contract in order to survive. I would address the argument Michael presented.

{¶ 73} In summary, the trial court erred as a matter of law by failing to grant judgment in favor of Laura upon all claims and judgment in favor of Kleen upon the fraud claim. In addition, there are issues of triable facts as to whether Kleen assumed Jetmo's contractual debts and obligations and as to whether Bizfunds is entitled to punitive damages upon the fraud claim against Michael, if the trial court in fact found liability upon the tort claim and not the breach-of-contract action for which punitive damages are not permitted, another issue in need of resolution. I would reverse and remand for further proceedings consistent with the foregoing.